HENRIETTA E. CLEAVELAND *v.* GEO. FEARNS, EX'R.

**Parties—Transfer of Interest.**

> Where, pending a suit, the plaintiff transferred his right to the matter in controversy, the transferee should be brought in as a party before final judgment.

APPEAL FROM TRIMBLE CIRCUIT COURT.

June 15, 1773.

OPINION BY JUDGE LINDSAY:

In response to the rule sued out by Fearns' executor to enforce the payment of the sale bonds executed by Mrs. Willis, and upon which Mrs. Cleaveland was originally bound as surety, it was pleaded that Fearns' executor had no right to the relief asked, because said bonds had been fully paid off and satisfied. Upon the trial of the motion it was proved by R. W. Masterson, the only witness sworn, that he was the attorney for Fearns, and that as such he received nearly the entire amount due on these bonds, and paid it over before the rule was taken out. Also that the payment was made to Harriett M. Sewell and that the agreement with her was that upon the payment of the full amount the debt would be assigned and transferred to her with power and authority to enforce the same

for her benefit. The assignment had not then been made because a small balance remained unpaid.

From this proof it was clear that Fearns' executor had no right to enforce the collection of these bonds. He was not at the time the beneficial owner of them except to the extent of about one-tenth that remained unpaid to Mrs. Sewell. He had not contracted with Mrs. Sewell to have them collected for her benefit, but upon the contrary that she should have the right to enforce their collection when she chose to do so. Fearns' executor did not pretend that he was acting for Mrs. Sewell, nor that he had even notified her of the action he was about to take.

The court had the power to permit the litigation to proceed in the name of Fearns for Sewell's benefit, but when the proof disclosed the fact that pending the action the right of Fearns had been transferred, Sewell, the transferee, should have been brought into court before final judgment was rendered, so that those being proceeded against by Fearns, would not be liable again to be sued for the same debt by the real owner. For the error in rendering judgment in the then condition of the cause, the judgment of May, 1871, is reversed, so far as the appellant Cleaveland is concerned. As Fearns' executor purchased at the execution sale, made under an execution issued on this judgment, such sale should be set aside, the judgment being erroneous and being reversed, the party in whose favor it was rendered can not hold to any rights acquired under it.

Wherefore the judgment of September, 1871, dismissing Mrs. Cleaveland's petition is also reversed.

The two causes are remanded for further proceedings not inconsistent with this opinion.

Judge Pryor did not sit in this case.

*Stevenson, Myers, for appellant.*

*Winston, for appellee*